IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROLLAND CRONK, and ELWANDA CRONK,** | : : | **No. 3:08cv634** |
| **Plaintiffs** | : : | **(Judge Munley)** |
| **v.** | : : | |
| **CABOT OIL & GAS CORPORATION,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is plaintiffs' motion to remand (Doc. 8) the instant case to the Court of Common Pleas of Susquehanna County, Pennsylvania. Having been fully briefed, the matter is ripe for disposition.

**Background**

Plaintiffs initiated the instant dispute on March 18, 2008 by filing a lawsuit in the Court of Common Pleas of Susquehanna County, Pennsylvania. (See Complaint (hereinafter "Complt."), Exh. A to Defendant's Notice of Removal (Doc. 1)). Plaintiffs are residents of Pennsylvania and Defendant is a Delaware Corporation with its principal place of business in Houston, Texas. (Notice of Removal at ¶¶ 4-5). On or about January 24, 2007, the plaintiffs entered into an oil and gas lease with the defendant. (Complt. at ¶ 5). Plaintiffs own 89 acres of land in Bridgewater Township, Susquehanna County, Pennsylvania. (Id. at ¶ 4). Defendant authorized its agents to offer $25.00 per acre for the lease. (Id. at ¶ 6). Defendant thus offered plaintiffs a total of $2,225.00 as consideration for the lease.

(Id. at ¶ 7). Defendant's agents also told plaintiffs that defendant would never pay more than $25.00 per acre for the lease. (Id. at ¶ 8). Subsequently, plaintiffs' neighbors were apparently paid more than $25.00 per acre for leases on their property. (Id. at ¶ 9). Despite assurances from the defendant, the lease the plaintiffs signed with defendant did not conform to Pennsylvania law. (Id. at ¶¶ 10-11).

Plaintiffs' complaint contains two counts. Count I alleges fraudulent inducement. Plaintiffs contend that defendant's agents assured them that the company would never pay more than $25.00 per acre. They relied on this statement and signed the lease, only to discover later that these statements were false and that others had signed far more lucrative deals with defendant. (Id. at ¶¶ 15-17). Defendant also represented to plaintiffs that if they failed to sign a lease defendant would negotiate leases with neighbors and capture the gas under plaintiffs' land through the rule of capture, leaving plaintiffs without a lease or gas on their land. (Id. at ¶ 19). According to the complaint, these statements all were false and all induced plaintiff to sign the lease. (Id. at 15). Count II alleges that the lease plaintiffs signed violates state law by requiring that plaintiffs pay a portion of the production costs of any natural gas on their land before receiving the proceeds from any royalties from that gas. As relief, plaintiffs request that the court declare the lease signed by the parties invalid.

On April 8, 2008, defendant filed a notice of removal with this court. Less than

a week later, defendant filed a motion to dismiss (Doc. 2). Before the court could rule on that motion, plaintiffs filed the instant motion to remand. The parties then filed briefs, bringing the case to its present posture.

**Legal Standard**

This case is before the court because defendant removed it from state court pursuant to 28 U.S.C. § 1441(a), which gives a defendant the right to remove "'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" 28 U.S.C. § 1441(a). Accordingly, "[t]he propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 162 (1997). Here, the question is whether this court has diversity jurisdiction to hear the case. Plaintiffs argue that we should remand the case to state court because the amount in controversy does not meet the minimum requirement set out by Congress to confer diversity jurisdiction on this court. (See 28 U.S.C. § 1332(a)(1) (establishing that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different states[.]")). Plaintiff does not dispute that the parties are citizens of different states, but contends that the amount in controversy does not reach the jurisdictional level.

As a general matter, "the party asserting diversity jurisdiction bears the burden of proof." McCann v. George Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir.

3

2006).  When a complaint does not limit its request to a precise monetary amount, however, we may make an independent appraisal of the value of the rights being litigated to determine whether the amount in controversy is satisfied.  Ciancaglione v. Sutherlin, No. Civ. A.04-CV-2249, 2004 WL 2040342 at *2 (E.D. Pa. September 13, 2004).  Here, therefore, the defendant, who seeks to exercise the court's jurisdiction through the removal statute, bears the burden of proof.

The question in this matter is whether the amount in controversy satisfies the $75,000 jurisdictional standard.  Plaintiffs argue that they are not seeking any precise dollar amount, but rather a declaratory judgment from the court that invalidates the gas and oil lease that they signed with the defendant.  They contend that the only amount in controversy is therefore the $2225.00 they received under that contract.  "'In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court.'" Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007).  The removal notice however "serves the same function as the complaint would if filed in the district court" when a court determines whether the jurisdictional amount has been met.  Id.  Since "the plaintiff is the 'master of the case' and 'may limit his claims . . . to keep the amount in controversy below the threshold,' the removing party must 'show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands.'" Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006) (quoting Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005)).

4

Defendant provides evidence that indicates that the amount in controversy exceeds $75,000. Included in the defendant's notice of removal is an affidavit from Jeffrey L. Keim, Regional Land Management for Cabot Oil & Gas Corporation. (See Notice of Removal Exh. B (hereinafter "Keim Affidavit") at ¶ 1). Keim attests that, as Regional Land Manager, he is "knowledgeable as to leasing of oil and gas properties and production of oil and gas wells." (Id. at ¶ 5). Based on this knowledge, Keim contends that "the full value of the object of the litigation exceeds $75,000 exclusive of interests and costs." (Id. at ¶ 6). Defendant has therefore provided evidence that the amount in controversy exceeds $75,000.

Plaintiffs are incorrect to assert that the amount in controversy in the matter is limited to the monetary sum they claim. The Supreme Court has held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977); see also Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 542-43 (3d Cir. 1995) (finding diversity jurisdiction because the cost for defendant of meeting plaintiff's injunctive request would exceed the then-$50,000 jurisdictional minimum). Here, the object of the litigation is the lease over plaintiffs' Susquehanna County land. Defendant has provided evidence that the value of that lease, which covers oil and gas rights, exceeds $75,000. Defendant has thus presented uncontested evidence that the object of the litigation has a value of more than the jurisdictional minimum,

5

and has therefore satisfied the statutory jurisdictional minimum. We will deny the motion to remand. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROLLAND CRONK**, and **ELWANDA CRONK**, | : | No. 3:08cv634 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| **CABOT OIL & GAS CORPORATION**, Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**AND NOW**, to wit, this 5th day of June 2008, the plaintiffs' motion to remand (Doc. 8) is hereby **DENIED**.

                                                            **BY THE COURT:**


                                                            **s/ James M. Munley**
                                                            **JUDGE JAMES M. MUNLEY**
                                                            **UNITED STATES DISTRICT COURT**